# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

FREDRICK GOLDEN,
individually and on behalf of
all others similarly situated,

       Plaintiffs,                               CASE NO. 19-cv-1662

    v.

COURIER DISTRIBUTION SYSTEMS, LLC,

       Defendant.

## COLLECTIVE AND CLASS ACTION COMPLAINT

## PRELIMINARY STATEMENT

1.      This is a collective and class action brought by Plaintiff Fredrick Golden, individually and on behalf of the members of the proposed classes identified below. Plaintiff and the putative class members are, or were, delivery drivers employed by Defendant Courier Distribution Services, LLC (hereinafter "CDS") at times since November 12, 2016. Since that time, CDS has had a common policy and practice of deducting daily meal periods from its delivery drivers' hours worked despite knowing or having reason to know that its delivery drivers have performed work during such meal periods. As a result, CDS has denied Plaintiff Golden and the putative class members of pay for all hours worked in excess of forty in given workweeks at the applicable overtime premium rate mandated by the Fair Labor Standards Act of 1938, as amended ("FLSA") as well Wisconsin law. In addition,

CDS has violated Wisconsin law for Plaintiff Golden and the Wisconsin Class by failing to pay them at their agreed-upon rates of pay for all hours worked.

2. Plaintiff Fredrick Golden brings this action, individually and on behalf of other similarly situated current and former hourly employees, as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA") for the purpose of obtaining relief under the FLSA for unpaid overtime compensation, liquidated damages, declaratory and/or injunctive relief, costs, attorneys' fees, and/or any such other relief the Court may deem appropriate. Plaintiff Fredrick Golden also brings this action pursuant to FED. R. CIV. P. 23 for purposes of obtaining relief under Wisconsin's wage laws for unpaid overtime compensation, unpaid agreed-upon wages, civil penalties, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

**JURISDICTION AND VENUE**

3. This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. §1331, this action being brought under the FLSA, 29 U.S.C. §201, *et seq*.

4. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper pursuant to 28 U.S.C. §1391(b) and (c) in the U.S. District Court for the Eastern District of Wisconsin because a substantial part of the events or omissions giving rise to the claim occurred within the district and Defendant CDS has substantial and systematic contacts in this district – including operating a facility in Sussex, Wisconsin.

## PARTIES

6. Defendant Courier Distribution Systems, LLC is a Foreign Limited Liability Company with a principal place of business located in Duluth, Georgia. CDS's registered agent for service of process is Ali Eshai located in Duluth, Georgia.

7. Plaintiff Fredrick Golden is an adult resident of Milwaukee County in the State of Wisconsin. Plaintiff Golden is a current employee of CDS who has worked as a delivery driver since approximately June 26, 2017. Golden's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is attached as Exhibit A to this Complaint and is incorporated herein.

8. Plaintiff Golden brings this action individually and on behalf of the FLSA Collective Class as authorized under the FLSA, 29 U.S.C. § 216(b). The **FLSA Collective Class** is defined as follows:

> All persons who are or have been employed by CDS as delivery drivers at any time since November 12, 2016.

9. Plaintiff Golden brings this action individually and on behalf of the Wisconsin Class pursuant to FED. R. CIV. P. 23. The **Wisconsin Class** is defined as follows:

> All persons who are or have been employed by CDS as delivery drivers in the State of Wisconsin at any time since November 12, 2017.

10. The Wisconsin Class and FLSA Collective Class are hereinafter referred to collectively as the "Classes."

## GENERAL ALLEGATIONS

11. CDS provides courier and express delivery services throughout the United States and has operated a warehousing, dispatch, and delivery center in Waukesha County in the State of Wisconsin at times since November 12, 2016.

12. Plaintiff Golden and the FLSA Collective Class work, or have worked as delivery drivers for CDS at times since November 12, 2016.

13. Plaintiff Golden and the Wisconsin Class work, or have worked, as delivery drivers for CDS at times since November 12, 2017.

14. Since November 12, 2016, Plaintiff Golden and the Classes have had the primary duty of delivering packages for CDS pursuant to CDS's agreements with third parties companies, such as Amazon.

15. At times since November 12, 2016, CDS has paid Plaintiff Golden and the Classes on a flat-rate per delivery route basis plus additional compensation for hours worked in excess of forty in a given workweek.

16. At a point in time since November 12, 2016, CDS changed its compensation practices for Plaintiff Golden and the Classes from a flat-rate per delivery route basis plus additional compensation for hours worked in excess of forty per workweek to an hourly basis.

17. Since November 12, 2016, CDS has required Plaintiff Golden and the Classes to records their hours worked on a daily basis – including, at times, requiring them to record their hours of work via a program called Paycom installed on their mobile phones.

18. Since November 12, 2016, CDS has suffered or permitted Plaintiff Golden and the Classes to work in excess of forty hours per workweek while performing their job duties for CDS.

19. Since November 12, 2016, CDS has tracked Plaintiff Golden and the Classes' performance of their job duties throughout the workday in real-time via GPS monitoring as well as by electronically tracking the specific dates, times, and locations at which Plaintiff Golden and the Classes have delivered packages.

20. Since November 12, 2016, CDS has deducted meal periods of 30 minutes in length from Plaintiff Golden and the Classes' compensable hours worked for each shift worked in excess of 6 hours in a workday.

21. Since November 12, 2016, Plaintiff Golden and the Classes have regularly performed compensable work during time periods which CDS has designated as "meal periods" and deducted from their compensable hours worked.

22. Since November 12, 2016, CDS's GPS and package-delivery records that track Plaintiff Golden and the Classes' work performed in real-time throughout the day have shown that Plaintiff Golden and the Classes have been performing work during periods of time which CDS has designated as "meal periods" and deducted from their compensable hours worked.

23. As a result of CDS's common practice of deducting compensable work hours from Plaintiff Golden and the Classes for "meal periods", CDS has failed to compensate Plaintiff Golden and the Classes for all hours worked since November 12, 2016 – including hours worked in excess of forty hours per workweek – in violation of the FLSA and Wisconsin law.

24. CDS's conduct, as set forth in this complaint, was willful, dilatory, unjust, and in bad faith, and has caused significant damages to Plaintiff Golden, the Wisconsin Class, and the FLSA Collective Class.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

25. Plaintiff Golden and the FLSA Collective Class are and have been similarly situated, have and have had substantially similar pay provisions, and are and have been subject to CDS's common decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked in excess of forty hours in a workweek. The claims of Plaintiff Golden as stated herein are the same as those of the FLSA Collective Class.

26. Plaintiff Golden and the FLSA Collective Class seek relief on a collective basis challenging, among other FLSA violations, CDS's practice failing to pay employees for all hours worked in excess of forty in a given workweek at one and one-half times their respective regular rates of pay.

27. The FLSA Section 216(b) FLSA Collective Class' members are readily ascertainable. For purpose of notice and other reasons related to this action, their

names, phone numbers, and addresses are readily available from CDS. Notice can be provided to the FLSA Collective Class via first class mail, email, and/or text messages to the last known contact information to CDS and through posting at CDS's facilities in areas where postings are normally made.

## RULE 23 CLASS ALLEGATIONS – WISCONSIN

28. Plaintiff Golden brings his Wisconsin state law claims, pursuant to Wisconsin wage laws, under FED. R. CIV. P. 23 on behalf of the Wisconsin Class for violations occurring on or after November 12, 2017 (the "Wisconsin Class Period").

29. The proposed Wisconsin Class members are so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of CDS, upon information and belief, there are over 40 members in the Wisconsin Class.

30. Plaintiff Golden's claims are typical of those claims that could be alleged by any member of the Wisconsin Class, and the relief sought is typical of the relief that would be sought by each member of the Wisconsin Class in separate actions. The alleged claims arise out of the same corporate practice and/or policy of CDS and CDS benefited from the same type of unfair and/or wrongful acts as to each member of the respective Wisconsin Class. Plaintiff Golden and the other members of the Wisconsin Class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

31. Plaintiff Golden is able to fairly and adequately protect the interests of the Wisconsin Class, has no interests antagonistic to the Wisconsin Class, and has retained counsel experienced in complex wage and hour class action litigation.

32. There are questions of fact and law common to the Wisconsin Class that predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from CDSs' actions include, without limitation, the following:

   a) Whether CDS's lunch deduction policy violated Wisconsin's wage laws;

   b) Whether CDS failed to accurately track meal periods for Plaintiff Golden and the Wisconsin Class as required by Wisconsin's wage laws;

   c) Whether CDS failed to pay Plaintiff Golden and Wisconsin Class for all work CDS suffered or permitted them to perform as required by Wisconsin's wage laws; and

   d) The nature and extent of class-wide injury and the measure of damages for the injury.

33. A class action is superior to any other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a corporate defendant, particularly those plaintiffs with relatively small claims.

34. The questions set forth above predominate over any questions that affect only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity, to other available methods for the fair and efficient adjudication of the claims.

# FIRST CLAIM FOR RELIEF
## Violations of the Fair Labor Standards Act of 1938 as Amended – Unpaid Overtime Wages

35. Plaintiff Golden, individually and on behalf of the FLSA Collective Class, reasserts and incorporates by reference all preceding paragraphs as if restated herein.

36. Since November 12, 2016, Plaintiff Golden and the FLSA Collective Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §201 *et. seq*.

37. Since November 12, 2016, CDS has been and continues to be an enterprise engaged in commerce within the meaning of 29 U.S.C. §203(s)(1).

38. At times since November 12, 2016, Plaintiff Golden and the members of the FLSA Collective Class have been employees within the meaning of 29 U.S.C. § 203(e).

39. At times since November 12, 2016, CDS has been an employer of Plaintiff Golden and the FLSA Collective Class as provided under 29 U.S.C. § 203(d).

40. Since November 12, 2016, CDS has violated the FLSA by failing to pay overtime compensation due to Plaintiff Golden and the FLSA Collective Class for each hour worked in excess of forty hours in any given workweek.

41. Plaintiff Golden and the FLSA Collective Class are entitled to damages equal to mandated overtime premium pay for all hours worked within the three years prior to the filing of this Complaint, plus periods of equitable tolling because

CDS acted willfully and knew or showed reckless disregard for whether its conduct was prohibited by the FLSA.

42. CDS's failure to properly compensate Plaintiff Golden and the FLSA Collective Class was willfully perpetrated and Plaintiff Golden and the FLSA Collective Class are therefore entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to 29 U.S.C. § 216(b).

43. Alternatively, should the Court find that CDS did not act willfully in failing to pay overtime premium wages, Plaintiff Golden and the FLSA Collective Class are entitled to an award of pre-judgment interest at the applicable legal rate.

44. Pursuant to 29 U.S.C. §216(b), Plaintiff Golden and the FLSA Collective Class are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting this action.

## SECOND CLAIM FOR RELIEF
### Violations of Wisconsin Law – Unpaid Overtime Wages

45. Plaintiff Golden, individually and on behalf of the Wisconsin Class, re-alleges and incorporates by reference all preceding paragraphs as restated herein.

46. Since November 12, 2017, Plaintiff Golden and the Wisconsin Class have been employees within the meaning of Wis. Stat. §§ 109.01 *et seq*.

47. Since November 12, 2017, Plaintiff Golden and the Wisconsin Class have been employees within the meaning of Wis. Stat. §§ 103.001 *et seq*.

48. Since November 12, 2017, Plaintiff Golden and the Wisconsin Class have been employees within the meaning of Wis. Stat. §§ 104.01 *et seq*.

49. Since November 12, 2017, Plaintiff Golden and the Wisconsin Class have been employees within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq*.

50. Since November 12, 2017, Plaintiff Golden and the Wisconsin Class have been employees within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq*.

51. Since November 12, 2017, CDS has been an employer within the meaning of Wis. Stat. §§ 109.01 *et seq*.

52. Since November 12, 2017, CDS has been an employer within the meaning of Wis. Stat. §§ 103.001 *et seq*.

53. Since November 12, 2017, CDS has been an employer within the meaning of Wis. Stat. §§ 104.01 *et seq*.

54. Since November 12, 2017, CDS has been an employer within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq*.

55. Since November 12, 2017, CDS has been an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

56. Since November 12, 2017, CDS has employed, and/or continues to employ Plaintiff Golden and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq*.

57. Since November 12, 2017, CDS has employed, and/or continues to employ Plaintiff Golden and the Wisconsin Class within the meaning of Wis. Stat. §§ 103.001 *et seq.*

58. Since November 12, 2017, CDS has employed, and/or continues to employ Plaintiff Golden and the Wisconsin Class within the meaning of Wis. Stat. §§ 104.01 *et seq.*

59. Since November 12, 2017, CDS has employed, and/or continues to employ Plaintiff Golden and the Wisconsin Class within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

60. Since November 12, 2017, CDS has employed, and/or continues to employ Plaintiff Golden and the Wisconsin Class within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

61. Since November 12, 2017, Plaintiff Golden and the Wisconsin Class regularly performed their job duties during time periods which CDS has improperly deducted from their compensable hours worked and classified as "meal periods" in violation of Wisconsin law.

62. Since November 12, 2017, CDS had, and continues to have, common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff Golden and the Wisconsin Class overtime wages for all hours worked in excess of forty hours in a given workweek due to its improper deduction of meal periods.

63. Wis. Stat. §109.03 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.

64. The foregoing conduct, as alleged above, constitutes continuing, willful, dilatory, and unjust violations of Wisconsin's law requiring the payment of overtime wages.

65. As set forth above, Plaintiff Golden and the Wisconsin Class have sustained losses in their compensation as a proximate result of CDS's actions as alleged herein. Accordingly, Plaintiff Golden, individually and on behalf of the Wisconsin Class, seeks damages in the amount of their respective unpaid overtime compensation, injunctive relief requiring CDS to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.

66. Pursuant to Wis. Stat. §109.11, Plaintiff Golden and the Wisconsin Class are entitled to liquidated damages equal and up to fifty percent of their unpaid wages.

67. Pursuant to Wis. Stat. §109.03(6), Plaintiff Golden and the Wisconsin Class are entitled to recovery of their attorneys' fees and costs incurred in pursuing their claims for unpaid wages.

### THIRD CLAIM FOR RELIEF
### Violations of Wisconsin Law – Unpaid Agreed-Upon Wages

1. Plaintiff Golden, individually and on behalf of the Wisconsin Class, re-alleges and incorporates by reference all preceding paragraphs as restated herein.

2. Since November 12, 2017, Plaintiff Golden and the Wisconsin Class have been employees within the meaning of Wis. Stat. §§ 109.01 *et seq.*

3. Since November 12, 2017, Plaintiff Golden and the Wisconsin Class have been employees within the meaning of Wis. Stat. §§ 103.001 *et seq.*

4. Since November 12, 2017, Plaintiff Golden and the Wisconsin Class have been employees within the meaning of Wis. Stat. §§ 104.01 *et seq.*

5. Since November 12, 2017, Plaintiff Golden and the Wisconsin Class have been employees within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

6. Since November 12, 2017, Plaintiff Golden and the Wisconsin Class have been employees within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

7. Since November 12, 2017, CDS has been an employer within the meaning of Wis. Stat. §§ 109.01 *et seq.*

8. Since November 12, 2017, CDS has been an employer within the meaning of Wis. Stat. §§ 103.001 *et seq.*

9. Since November 12, 2017, CDS has been an employer within the meaning of Wis. Stat. §§ 104.01 *et seq.*

10. Since November 12, 2017, CDS has been an employer within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

11. Since November 12, 2017, CDS has been an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

12. Since November 12, 2017, CDS has employed, and/or continues to employ Plaintiff Golden and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq*.

13. Since November 12, 2017, CDS has employed, and/or continues to employ Plaintiff Golden and the Wisconsin Class within the meaning of Wis. Stat. §§ 103.001 *et seq*.

14. Since November 12, 2017, CDS has employed, and/or continues to employ Plaintiff Golden and the Wisconsin Class within the meaning of Wis. Stat. §§ 104.01 *et seq*.

15. Since November 12, 2017, CDS has employed, and/or continues to employ Plaintiff Golden and the Wisconsin Class within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq*.

16. Since November 12, 2017, CDS has employed, and/or continues to employ Plaintiff Golden and the Wisconsin Class within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq*.

17. Since November 12, 2017, Plaintiff Golden and the Wisconsin Class regularly performed their job duties during time periods which CDS has improperly deducted from their compensable hours worked and classified as "meal periods" in violation of Wisconsin law.

18. Since November 12, 2017, CDS had, and continues to have, common policies, programs, practices, procedures, protocols, routines, and rules of willfully

failing to properly pay Plaintiff Golden and the Wisconsin Class agreed-upon wages for all hours worked as a result of their improper deduction of "meal periods."

19. Wis. Stat. §109.03 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.

20. The foregoing conduct, as alleged above, constitutes continuing, willful, dilatory, and unjust violations of Wisconsin's law requiring the payment of agreed-upon wages.

21. As set forth above, Plaintiff Golden and the Wisconsin Class have sustained losses in their compensation as a proximate result of CDS's actions as alleged herein. Accordingly, Plaintiff Golden, individually and on behalf of the Wisconsin Class, seeks damages in the amount of their respective unpaid, agreed-upon wage compensation, injunctive relief requiring CDS to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.

22. Pursuant to Wis. Stat. §109.11, Plaintiff Golden and the Wisconsin Class are entitled to liquidated damages equal and up to fifty percent of their unpaid wages.

23. Pursuant to Wis. Stat. §109.03(6), Plaintiff Golden and the Wisconsin Class are entitled to recovery of their attorneys' fees and costs incurred in pursuing their claims for unpaid wages.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff Golden, individually and on behalf of all members of the FLSA Collective Class and the Wisconsin Class hereby requests the following relief:

a) At the earliest time possible, an order designating this action as a collective action on behalf of the FLSA Collective Class and allowing issuance of notices pursuant to 29 U.S.C. §216(b) to all similarly-situated individuals;

b) At the earliest time possible, an order certifying this action as a FED. R. CIV. P. 23 class action on behalf of the proposed Wisconsin Class;

c) At the earliest time possible, an Order appointing Hawks Quindel, S.C. as class counsel pursuant to FED. R. CIV. P. 23;

d) An order designating Plaintiff Fredrick Golden as the Named Plaintiff and as representative of the Wisconsin Class set forth herein;

e) Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

f) Issuance of an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-2202, declaring CDS's actions as described in the Complaint as unlawful and in violation of the FLSA, Wisconsin's wage laws, and their applicable regulations and enjoining CDS from further violations of the FLSA and Wisconsin's wage laws;

g) An Order finding that CDS violated the FLSA and Wisconsin wage and hour laws;

h) An Order finding that these violations are willful and/or dilatory and unjust;

i) Judgement against CDS in the amount equal to the Plaintiff's, the FLSA Collective Class's, and the Wisconsin Class's unpaid wages at the applicable agreed-upon wage and/or overtime premium rates;

j) An award in the amount of all liquidated damages and/or civil penalties as provided under Wisconsin Law and the FLSA;

k) An award in the amount of all costs and attorneys' fees incurred prosecuting these claims;

l) To the extent that civil penalties and/or liquidated damages are not awarded, an Award of pre-judgment and post-judgement interest; and

l) Such further relief as the Court deems just and equitable.

Dated this 12th day of November 2019.

Respectfully submitted,

**HAWKS QUINDEL S.C.**
Attorneys for Plaintiffs

By: *s/Timothy P. Maynard*
Timothy P. Maynard, SBN 1080953
Summer H. Murshid, SBN 1075404
Larry A. Johnson, SBN 1056619

Hawks Quindel, S.C.
222 East Erie Street, Suite 210
PO Box 442
Milwaukee, WI 53201-0442
Telephone: 414-271-8650
Fax: 414-271-8442
Email: tmaynard@hq-law.com
smurshid@hq-law.com
ljohnson@hq-law.com